IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PETER J. BURKHARDT,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY J. CAHEN; INSURERS ABC<br><br>Defendant. | **Civil No. 2024cv1481**<br><br>**Personal Injury; Diversity**<br>**Jury Trial** |

## COMPLAINT

**COMES NOW** Plaintiff, Peter J. Burkhardt, by its undersigned attorney, for its Complaint in against Defendant, Jeremy J. Cahen, respectfully states, alleges and prays as follows:

### I. INTRODUCTION

1. Plaintiff, Peter J. Burkhardt ("Plaintiff"), brings this action for personal injuries sustained as a result of an assault perpetrated by Defendant, Jeremy J. Cahen ("Defendant").

2. This action arises from a physical attack that took place on November 6, 2023, in San Juan, Puerto Rico, causing the Plaintiff severe physical, mental, and emotional injuries.

### II. PARTIES

3. Plaintiff Peter J. Burkhardt is an individual and a resident of the State of Florida.

4. Defendant Jeremy Chaen is an individual and a resident of Puerto Rico.

5. ABC Insurance Companies are unidentified insurers who may have issued policies of liability insurance to Defendant Jeremy Jacques, providing coverage for the claims set forth in this

Complaint. The identities of the insurers are unknown to the Plaintiff at this time, but Plaintiff reserves the right to amend this Complaint once their identities are ascertained.

### III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the Plaintiff, a citizen of Florida, and the Defendant, a citizen of Puerto Rico, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred in Puerto Rico.

7. The Court has personal jurisdiction over Defendant because Defendant is a resident of Puerto Rico and the events at issue occurred within this district.

### IV. FACTUAL ALLEGATIONS

8. On or about November 6, 2023, Plaintiff was lawfully present on McLeary Street in the Ocean Park area of San Juan, Puerto Rico.

9. On that date, without provocation, Defendant assaulted Plaintiff, violently grabbing Plaintiff by the neck and throwing him into a concrete wall, causing Plaintiff to lose consciousness and suffer severe head and body injuries.

10. As a result of this assault, Plaintiff sustained significant injuries, including but not limited to:

    a. Concussion;

    b. Post-concussion syndrome;

    c. Patellar ligament tear in the right knee;

    d. Knee sprain;

    e. Post-Traumatic Stress Disorder (PTSD).

11. Plaintiff required immediate emergency medical treatment and was transported to the hospital, where he was treated for his injuries.

12. Plaintiff has made three visits to the emergency room, undergone multiple diagnostic tests, including CT scans, MRIs, and X-rays, and has been diagnosed with severe brain and knee injuries, along with psychological trauma.

13. Plaintiff has been diagnosed with post-concussion syndrome, requiring ongoing treatment from both orthopedic and psychiatric specialists.

14. Plaintiff's injuries have resulted in significant physical pain, emotional distress, mental anguish, and a permanent impact on his quality of life.

15. Following the assault, Plaintiff obtained a restraining order against Defendant pursuant to Puerto Rico's anti-stalking laws, under which Defendant was prohibited from contacting or approaching Plaintiff.

16. Criminal charges for aggravated assault were filed against Defendant in the San Juan Court of First Instance. The Court issued a warrant for the arrest of Defendant, who has avoided arrest from the authorities. See <u>The People of Puerto Rico v. Jeremy Jacques Cahen</u> Case no. SJ2024CR01277.

17. Plaintiff has suffered damages in the form of medical expenses, lost wages, pain and suffering, and ongoing treatment, both physical and psychological.

## V. CAUSES OF ACTION

### COUNT I – ASSAULT AND BATTERY

18. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-17 as if fully set forth herein.

19. On November 6, 2023, Defendant, without provocation, assaulted and battered Plaintiff, causing severe physical injuries.

20. As a direct and proximate result of Defendant's conduct, Plaintiff sustained serious and permanent injuries, including, but not limited to, concussion, post-concussion syndrome, knee injuries, and emotional trauma.

21. Plaintiff is entitled to recover damages for medical expenses, pain and suffering, emotional distress, lost wages, and other compensatory damages in an amount to be determined at trial.

### COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-21 as if fully set forth herein.

23. Defendant's conduct in assaulting Plaintiff was extreme, outrageous, and intended to cause severe emotional distress, or was done with reckless disregard for the probability of causing such distress.

24. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered severe emotional distress, including PTSD, requiring ongoing psychological treatment.

### COUNT III – NEGLIGENCE

25. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-24 as if fully set forth herein.

26. Defendant acted negligently in assaulting Plaintiff, causing him to sustain significant injuries.

27. Defendant's actions were reckless and in violation of a duty of care owed to Plaintiff.

28. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages, including medical expenses, lost income, and pain and suffering.

### COUNT IV – PUNITIVE DAMAGES

29. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-28 as if fully set forth herein.

30. Under Puerto Rico law, when the conduct causing harm constitutes a crime, the court may impose punitive damages equal to the amount of actual damages sustained.

31. Defendant's conduct in assaulting Plaintiff constituted the crime of aggravated assault under Puerto Rico law, for which Defendant has been convicted in a criminal proceeding.

32. As a result of Defendant's criminal conduct, Plaintiff is entitled to punitive damages in an amount equal to the actual damages suffered by Plaintiff, including but not limited to medical expenses, pain and suffering, emotional distress, and lost wages.

## VI. DAMAGES

33. As a result of the Defendant's conduct, Plaintiff has suffered the following damages:

   a. Past, present, and future medical expenses;

   b. Past, present, and future pain and suffering;

   c. Emotional distress and mental anguish, including PTSD;

   d. Loss of enjoyment of life;

   e. Lost wages and diminished earning capacity;

   f. Punitive damages equal to the amount of actual damages as permitted by Puerto Rico law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Peter J. Burkhardt demands judgment against Defendant Jeremy Jacques as follows:

1. For compensatory damages in an amount to be determined at trial;

2. For punitive damages in an amount equal to the actual damages sustained by Plaintiff, pursuant to Puerto Rico law;

3.   For costs of this action, including attorneys' fees;

4.   For pre-judgment and post-judgment interest as allowed by law;

5.   For such other and further relief as this Court may deem just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED** in this 16th day of October 2024.

        **CASTAÑER & BAELLA LLC**
        MAI Center
        Marginal Kennedy
        771 Cll 1, Ste 204
        San Juan, PR 00920
        Tel. (787) 707-0802
        Fax:1(888) 227-5728
        alberto@castanerlaw.com

        Attorneys for Plaintiff

        By:s/Alberto Castañer
        **Alberto J. Castañer**
        USDC-PR No. 225706